UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STACEY IAMES,                       Case No: 1:12-cv-829

        Plaintiff,                   Dlott, J.
v.                                       Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

# REPORT AND RECOMMENDATION

### I. Procedural Background and Pending Attorney Fee Motion

In October 2012, Plaintiff Stacey Iames filed this Social Security appeal in order to challenge the Defendant's finding that her child was not disabled. *See* 42 U.S.C. §405(g). On December 23, 2013, this Court reversed the Defendant's non-disability decision and remanded, pursuant to sentence four of 42 U.S.C. §405(g), for further review by the Social Security Agency. (*See* Docs. 20, 21).

On June 13, 2014, the Court granted Plaintiff's timely filed and unopposed motion for attorney fees and costs, pursuant to the Equal Access for Justice Act ("EAJA"). (Docs. 24, 25). Plaintiff's prior award represents payment of $170.00 per hour for the 17.25 hours of work that counsel performed in this Court.

Following remand from this Court, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff's child disabled as of February 2008, and indicating that Plaintiff would receive a check for $50,827.65, representing past due benefits through June 2015. (Doc. 26-2, PageID 698). The same July 26, 2015 Notice of Award explains to Plaintiff and to counsel that the Agency withheld 25% of that past-

due benefit award ($16,749.75), equivalent to the maximum fee award permitted by statute, in order to allow for payment of any approved attorney's fees. Additionally, the Notice reflects that the Agency approved and made payment of $6,000 for counsel's work at the administrative level. Therefore, the remainder being withheld by the agency is $10,749.75, representing the balance of the statutory maximum attorney's fee, which can only be paid upon approval of this Court. (*Id.* at PageID 699).

Exactly one year after the Notice of Award, on July 26, 2016, Plaintiff's counsel filed a motion seeking an additional award of attorney fees from this Court, pursuant to 42 U.S.C. § 406(b). Defendant filed a response in opposition, noting that although the Commissioner has no financial stake in the matter, the requested fee, at an implied hourly rate of $623.16 per hour, is significantly higher than similar fee awards made previously by this Court.

The pending motion has been referred to the undersigned for initial review and a Report and Recommendation. Because the motion is extremely untimely and would constitute a windfall to Plaintiff's counsel, and because the same counsel has been specifically warned on two prior occasions to comply with the time limits of Local Rule 54.2, the present motion should be denied.

**II.     Analysis**

Unlike the EAJA award previously paid by the United States, a fee under §406(b) impacts the social security claimant, because it is paid directly out of his past benefits award.[1] However, also in contrast to the EAJA which permits payment of attorney's fees upon judicial remand alone (subject to relatively few additional conditions), a §406(b) fee can be awarded <u>only</u> if the agency awards benefits after remand.

---

[1]Plaintiff signed a contingency fee agreement in 2009.

As is customary, the July 2015 Notice of Award states that 25% of Plaintiff's past-due benefits award was withheld to provide for payment of any approved attorney's fees.  Based upon counsel's prior receipt of $6,000.00 for work at the administrative level, the maximum remaining fee available for work before this Court is $10,749.75.

This Court has an affirmative duty under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b).  As Plaintiff acknowledges, a contingency fee may be reduced if the fee requested would constitute a windfall.  *Gisbrecht*, 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (*en banc*).  While not addressed by either party in the pending case, this Court's affirmative duty to examine the fee for reasonableness includes an examination of the timeliness of the motion.

Because the instant motion is untimely by more than ten months and the same counsel was warned on two prior occasions not to submit untimely §406(b) motions, the undersigned recommends that Plaintiff's motion be denied in full.

**A. Timeliness**

Counsel's motion is untimely under Local Rule 54.2(b), which was enacted in 2015 and took effect on January 1, 2016.

While a motion for fees under the EAJA must be filed within thirty days of the final judgment of this Court, until the enactment of our local rule, the deadline for filing a motion under §406(b) of the Social Security Act was less clear.  Except for those districts in which a local rule addressed the issue, guidance generally was provided by case law.  Under that case law, a majority of courts held that the time frame for filing a fee motion under § 406(b) was governed by Rule 54(d)(2), Fed. R. Civ. P., as calculated

3

from the date the Notice of Award was issued by the Social Security Administration following remand. To avoid harsh results, courts – including this Court – frequently applied equitable tolling to extend the time period from running just fourteen days from the date of the Notice of Award to a "reasonable" period of time. *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006); *Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127 (S.D. Ohio, R&R filed Jan. 25, 2013, adopted Feb. 19, 2013); a*ccord Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007) (declining to adopt a rule in all future cases given lack of Sixth Circuit precedent, but applying equitable tolling and Rule 54(d)(2) on facts presented).

The same counsel who filed the instant motion appears frequently in this Court, and therefore should have been aware of the need to file her §406(b) motion within a "reasonable" time even before the adoption of a local rule on point. Counsel states that she has practiced in Ohio since November 2002, and "has focused solely on Social Security claims since 2005." (Doc. 26, PageID 689).

In fact, in two other cases decided after enactment of Local Rule 54.2(b), the same counsel appearing herein belatedly filed other § 406(b) motions. In *Ferry v. Com'r of Soc. Sec.*, Case No. 1:13-cv-482, the Court first drew counsel's attention to the enactment of the new local rule that specifies the deadline by which a § 406(b) motion must be filed, which was enacted in "an attempt to provide more clarity" to the local bar. *See Ferry v. Com'r of Soc. Sec.*, 2016 WL 4471672 (S.D. Ohio August 4, 2016), adopted at 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016). The undersigned quoted the new rule and explained its impact:

4

> As of January 1, 2016, Local Rule 54.2(b) now states: "An attorney seeking fees awarded under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), must file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later."
>
> In this case, the Notice of Award is dated October 12, 2015. Under the recently enacted local rule, counsel's motion for an award of fees under § 406(b) therefore was due on or before November 25, 2015. Regrettably, counsel did not file her motion until April 5, 2016. <u>In the future, counsel is forewarned that the untimely filing of a § 406(b) motion, in violation of Local Rule 54.2(b), may result in the denial of any statutory fee</u>.

*Id.* at *3 (emphasis original).

Notwithstanding the tardy filing of Plaintiff's § 406(b) motion for fees in *Ferry*, the undersigned took note of the fact that "Local Rule 54.2(b) became effective only a few months prior to the time that counsel filed her motion," as well as "the excellent results achieved by counsel." The undersigned also reasoned that "aside from the issue of timeliness under the recently enacted local rule - the total amount of attorney fees sought by counsel is otherwise 'reasonable' under controlling statutory authority and case law." *Id.* Therefore, the Court concluded "that equitable tolling should be applied in this case, **on this one occasion**, notwithstanding the existence of Local Rule 54.2(b). Applying equitable tolling, the undersigned concludes that counsel's tardiness in filing her motion should not bar her recovery of a statutory fee." *Id.* (emphasis added). In short, counsel was expressly warned in *Ferry* that any other late motions in violation of the rule would not be tolerated, but that equitable tolling would be applied on "one occasion."

Unfortunately, counsel did not heed the Court's advice. In a subsequent case, *Hicks v. Commissioner*, Case No. 1:15-cv-110, Plaintiff's counsel again filed a tardy § 406(b) motion. In that case, the Notice of Award was dated June 27, 2016. Under Local Rule 54.2(b), the deadline for filing a § 406(b) motion was August 11, 2016, but

5

counsel did not file her motion until September 16, 2016 (36 days late). In contrast to *Ferry*, the total amount of attorney fees sought by counsel was not "reasonable" but instead would constitute a windfall even if the motion had been timely filed. In an R&R filed November 21, 2016, the undersigned wrote:

> Based upon the express warning to the same counsel in *Ferry*, the Court would be justified in completely denying [counsel's second] untimely motion. Still, the undersigned once again is called to consider the harsh result (the elimination of additional fees to counsel beyond the EAJA fee previously awarded by this Court, and the $6,000 fee previously awarded for work at the administrative level). Counsel was very effective in winning a substantial award of benefits on remand in this case, and public policy favors the enforcement of uncontested contingency fee agreements. Based upon consideration of <u>all</u> relevant factors, the undersigned recommends awarding counsel a greatly reduced fee. Because the issue is close and any additional fee awarded to counsel diminishes the disabled Plaintiff's benefits, the undersigned alternatively recommends that no additional fee be awarded beyond the EAJA fee award previously received by counsel.

(Doc. 24). The R&R concluded with a second express warning: "Plaintiff's counsel is cautioned a second time in the strongest possible terms that any future motions filed outside the time period specified in Local Rule 54.2(b) are <u>likely</u> to be denied." (Id., emphasis added). U.S. District Judge Barrett, the same presiding district judge assigned to the *Ferry* case, adopted the R&R in *Hicks* on January 3, 2017, reducing counsel's §406(b) fee award from the requested amount of $17,681.45 to $1,875.00, to be paid in addition to the EAJA fee award she previously received. (Doc. 25).

In the above-captioned case, counsel filed her motion on July 26, 2016 – nearly seven months after Local Rule 54.2(b) took effect. It is true that *Ferry* and *Hicks* were decided in August[2] and November 2016 – after the §406(b) motion was filed in this case. However, several factors strongly disfavor the award of any additional fee under §406(b). First, counsel is extremely experienced and (excepting this matter) very

---

[2]*Ferry* was decided prior to the date Plaintiff filed her reply memorandum in this case.

6

capable, practicing exclusively in social security law and appearing frequently before this Court. From that perspective, counsel should have been aware of the body of case law that required the timely filing of §406(b) fee motions long before the enactment of Local Rule 54.2(b). Filing a motion a full year after the date of the Notice of Award is *per se* unreasonable. Second, the Court is troubled by counsel's failure to address in any fashion the timeliness issue. Third, as discussed below, the amount of counsel's requested fee in this case would be unreasonable even if her motion had been timely filed. Last, this is not a case in which counsel has expended an inordinate amount of time (17.25) hours, and the fact that counsel already has been compensated $170 per hour for work in this Court, in addition to the $6,000 award made for her work at the administrative level, should help ameliorate any resulting hardship.[3]

### B. The Maximum Fee Sought Would Constitute a Windfall

The recommendation that no additional fee at all be awarded on the circumstances presented renders discussion of this secondary issue superfluous. However, some discussion has been included for the benefit of any reviewing court.

As has been discussed by many courts, the Commissioner has little incentive to file any response to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is filed by the Commissioner, it often expresses no position.[4] The instant case constitutes a rare exception, because

---

[3] Counsel would be required to reimburse the full EAJA award to Plaintiff if a §406(b) fee award were to be made, as double recovery is not permitted. In other cases involving the same counsel including *Ferry, supra*, counsel has simply subtracted the amount of the prior EAJA fee award from the total award sought in the § 406(b) motion - a practice that has been sanctioned by this Court, as well as by published case law from other courts. *See, e.g. Jackson v. Com'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010).

[4] *See, e.g., Childres v. Com'r of Soc. Sec.*, Case No. 1:09-cv-173-MRB, Response at Doc. 22, stating: "The Commissioner states that he has no financial stake in the matter, and no objection to Plaintiff's §406(b)] motion."

the Commissioner has filed a response objecting to the amount of the fee award sought by counsel as constituting a windfall.

By statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal representation. The Sixth Circuit has long "emphasize[d]" that the 25% statutory cap should not be "viewed as *per se* reasonable." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). More recently, published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (*citing Gisbrecht*, 535 U.S. at 807).

On the record presented, Plaintiff's counsel has failed to show the requested fee is reasonable. To the contrary, even if the motion had been timely filed, a "downward adjustment" would be warranted under *Gisbrecht* to avoid a windfall, because the amount of past due benefits awarded in this case is so large in comparison to the amount of time counsel spent before this Court. *Id.* at 808; *see also Lowery* (approving unopposed request for contingency fees based on well-supported motion that represented significant voluntary reduction to just 14.5% of the past-due benefits award).

Counsel's time records reflect that she was able to achieve success after logging 17.25 hours of time before this Court. Although counsel references her representation of Plaintiff before the agency and Appeals Counsel, her work at the administrative level already has been fully compensated under 42 U.S.C. §406(a), and this Court may not

8

duplicate that recovery in assessing an award under 42 U.S.C. §406(b), which restricts compensation to work performed in this Court.

Based upon her experience and the results achieved, counsel argues that the requested fee would not constitute a windfall. But those factors constitute only part of the analysis required by *Gisbrecht* and its progeny. Counsel previously sought and was awarded an EAJA fee in the amount of $170.00 per hour for the same work for which she now seeks recovery under § 406(b). Plaintiff cites *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990), a pre-*Gisbrecht* case in which the Sixth Circuit held that a contingent fee that amounted to twice an attorney's hourly rate could "never" constitute a windfall under § 406(b). The *Hayes* Court approved of the calculation of a hypothetical hourly rate as "one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Id.* at 421-422 (internal quotation and citation omitted). Here, counsel's fee request translates to an unusually high hypothetical hourly rate of $623.16 for the time spent in this Court. As the Commissioner points out, similarly high hypothetical rates have been reduced in other cases in this Court under § 406(b).

Plaintiff contends that her request is "in line with" similar fee awards, but primarily relies upon West Virginia and California cases that were decided close in time to *Gisbrecht*, when the "reasonable" standard was still evolving. Moreover, in *Claypool v. Comm'r of Soc. Sec.*, 294 F. Supp. 2d 829 (S.D. W. Va. 2003), the amount of past due benefits was more than double the amount awarded in this case, and the resulting fee award, while very high, constituted just 9% of that award. One of the other two cases cited by counsel is unpublished as well as not within this jurisdiction, and both reflect much lower hourly rates than sought by counsel here. *See Dodson v. Comm'r of Soc.*

*Sec.*, 2002 WL 31927589 (W.D. Va. Oct. 22, 2002) ($694.44 per hour) and *Hearn v. Comm'r of Soc. Sec.*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) ($450.00 per hour).

Counsel does cite one case in this district in which Judge Barrett awarded an unusually high § 406(b) fee, *Foster v. Commissioner*, Case No. 1:13-cv-418. In *Foster*, counsel filed her fee motion a mere 6 days after the Notice of Award. No opposition was filed. Aside from those and other distinguishing features, the same judge who presided over *Foster* also presided over the later-filed *Ferry* and *Hicks*, in which counsel was warned to comply with Local Rule 54.2(b). In *Hicks*, counsel's delay – 36 days out of time as contrasted with more than 300 days in the case presented – provided additional grounds for a fee reduction. While the undersigned recommends that no additional fee be awarded, the extreme tardiness of the instant motion provides grounds for a significant reduction *if* a reviewing court were to disagree and find some fee to be appropriate.

### III. Conclusion and Recommendations

For the reasons stated, it is **RECOMMENDED THAT:**

1. Plaintiff's motion for an additional award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 26) should be DENIED, with the remaining balance of the past-due benefits withheld by the Agency to be paid to the Plaintiff;

2. Plaintiff's counsel is cautioned a THIRD time in the strongest possible terms that any § 406(b) motions filed outside the time period specified in Local Rule 54.2(b) are likely to be denied;

3. Counsel should be required to explicitly address the issue of timeliness in any currently pending or future § 406(b) motions filed in this Court.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

Case: 1:12-cv-00829-SJD-SKB Doc #: 29 Filed: 01/25/17 Page: 11 of 12  PAGEID #: 734

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STACEY IAMES,  Case No: 1:12-cv-829

        Plaintiff, Dlott, J.
v. Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).